IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KRISTI LUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CV-942 |
| | ) | |
| YADKIN COUNTY BOARD OF | ) | |
| EDUCATION, TODD MARTIN, in | ) | |
| his individual capacity, JAMES | ) | |
| FREDERICK SWAIM, in his | ) | |
| individual capacity, and WAYNE O. | ) | |
| DUGGINS, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

Kristi Luffman worked for several years in various capacities in the Yadkin

County school system.  After her contract was not renewed, she brought this lawsuit

asserting claims under state and federal law.  Defendants Yadkin County Board of

Education, Todd Martin, and Wayne Duggins move to dismiss.[1]  Ms. Luffman fails to

state a state law claim for wrongful discharge and there is no private cause of action

under N.C. Gen. Stat. § 115C-278.1, so those claims will be dismissed.  Some claims will

be narrowed for clarity based on the statute of limitations.  The motion will otherwise be

denied, as the defense arguments are better addressed on a more developed factual record.

---

[1] The other defendant in this case, James Swaim, previously filed a motion to dismiss, which
was denied.  *See* Doc. 31.  For sake of simplicity, the Court will refer to the moving defendants
here as "the defendants."

## I.    Rehabilitation Act and ADA Claims

### A.    Statute of Limitations

Ms. Luffman alleges that the defendants discriminated against her based on a mental health disability.  Doc. 17 at ¶¶ 174–77, 181–86.  The parties disagree on what statute of limitations applies, a question that appears to turn on whether the health condition alleged would have been recognized as a disability protected by these laws in 1990.

Before December 1, 1990, the statute of limitations for these claims was determined by reference to analogous state law.  *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011); *Boone v. Bd. of Governors of Univ. of N.C.*, 395 F. Supp. 3d 657, 666–67 (M.D.N.C. 2019).  That year, Congress created a catch-all four-year statute of limitations for any "civil action arising under an Act of Congress enacted after [December 1, 1990]," 104 Stat. 5089, 5114–15 § 313 (1990) (codified as amended at 28 U.S.C. § 1658); *see generally Boone*, 395 F. Supp. 3d at 666.  Included in the catch-all statute of limitations are federal causes of action that existed before December 1, 1990, but were amended after December 1, 1990, "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004); *see Boone*, 395 F.Supp.3d at 666–67.  So for claims arising under laws enacted before December 1, 1990, the shorter[2] analogous state statute of limitations, still applies.  *Latson v. Clarke*, 249 F. Supp. 3d 838, 853–54 (W.D. Va. 2017).

---

[2] The parties seem to agree that the applicable North Carolina statute of limitations for employment-related claims is 180 days.  Doc. 23 at 5; Doc. 28 at 13; *see* N.C. Gen. Stat. § 168A-

The Americans with Disabilities Act Amendments Act of 2008 greatly expanded the scope of ADA and Rehabilitation Act coverage by significantly revising the definition of "disability." *See generally Boone*, 395 F. Supp. 3d at 667; *EEOC v. Optimal Sols. & Techs., Inc.*, 422 F. Supp. 3d 1037, 1043 (D. Md. 2019). As a result, some ADA and Rehabilitation Act claims are limited by the shorter state law statute of limitations, while others are limited by the newer 4-year statute of limitations. So here, the question is whether Ms. Luffman's disability discrimination claims could have been successful under the laws in effect in 1990 or whether they could only proceed under the ADAAA amendments.

The statute of limitations is an affirmative defense rarely appropriate for resolution on the pleadings. *Blenheim Cap. Holdings Ltd. v. Lockheed Martin Corp.*, 53 F.4th 286, 298 (4th Cir. 2022). As alleged, it seems likely that Ms. Luffman would not have been considered disabled under the original definition of "disability," but that she may be considered disabled under the 2008 amendments enacted in the ADAAA. *See generally Boone*, 395 F. Supp. 3d at 667–68 (discussing narrow definition of "disabled" under law in 1990 as compared to current law). Subject to discovery and an appropriate factual and legal showing down the line, it appears that the four-year statute of limitations may well apply. The motion to dismiss these claims as outside that window and subject to the much shorter statute of limitations will be denied.

---

12; *see Dickinson v. Univ. of N.C.*, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) ("For Title II of the ADA and Section 504 of the Rehabilitation Act, the most analogous North Carolina law is the North Carolina Persons with Disabilities Protection Act." (citing N.C. Gen. Stat. § 168A-12)).

3

### B. Rule 12(b)(6)

Ms. Luffman has alleged sufficient facts to assert a plausible claim that she was retaliated against when she asserted her ADA rights by asking for an accommodation. The Fourth Circuit and district courts in this circuit have held that a request for reasonable accommodation is a protected activity. *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001); *Kelley v. Mayorkas*, 694 F. Supp. 3d 715, 730 (E.D. Va. 2023); *Kelly v. Town of Abingdon*, 437 F. Supp. 3d 517, 528 (W.D. Va. 2020). The motion to dismiss will be denied as to this claim.

## II. Title VII

### A. Statute of Limitations

Title VII requires employees to exhaust administrative remedies by presenting discrimination claims to the EEOC before filing suit. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) (citing 42 U.S.C. § 2000e-5(b)). The charge must be "filed within one hundred and eighty days after the alleged unlawful employment practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)); *accord McClelland v. Hous. Auth. of Wake*, No. 22-CV-204, 2024 WL 4101476, at *13 (E.D.N.C. July 19, 2024).

Ms. Luffman alleges that she filed her EEOC charge on or about July 5, 2024. Doc. 17 at ¶ 168; *see* Doc. 28-2 at 3. As Ms. Luffman implicitly acknowledges, Doc. 28 at 15, her Title VII claim is limited to acts of discrimination occurring on or after January 7, 2024. She has alleged such acts, *see* Doc. 17 at ¶¶ 87–166, so this aspect of her Title VII claim can proceed.

4

Acts occurring outside the limitations period usually will not give rise to liability themselves, but this does not mean that those factual allegations are irrelevant.  First, they can be used as background evidence.  *Morgan*, 536 U.S. at 105.  Second, so long as one act that is part of a hostile work environment claim falls within the statutory period, all acts are part of the same unlawful practice.  *Id.* at 122.  Ms. Luffman has alleged at least one act of hostility within the 180-day period, and so the hostile work environment aspect of her claim can proceed.

Otherwise, to the extent that her Title VII claim is based on acts of discrimination before January 7, 2024, those aspects of her claim will be dismissed.

**B.      The Scope of the Charge**

As the defendants accurately point out, "the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."  *Sydnor v. Fairfax Cnty*, 681 F.3d 591, 593 (4th Cir. 2012).  Yet their arguments that Ms. Luffman has included acts of discrimination not mentioned in the charge are conclusory, constituting just a few sentences.  They point to over 50 paragraphs of the complaint without explaining which parts of those paragraphs go beyond the EEOC charge.  Doc. 23 at 9.  The Court will not do the defendants' work for them.  *See Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").

In any event, EEOC charges need not be as detailed as complaints initiating lawsuits.  Nor does a plaintiff have to lay out every single discriminatory act in the charge.  "So long as a plaintiff's claims in her judicial complaint are reasonably related to

her EEOC charge and can be expected to follow from a reasonable administrative investigation," she may include those claims in her lawsuit. *Sydnor*, 681 F.3d at 594 (cleaned up). "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Construing ambiguities against a Title VII plaintiff would undercut the remedial framework Congress intended. *Id.*

The defendants have not clearly identified any claim as to which Ms. Luffman has not exhausted her administrative remedies. This aspect of the motion to dismiss will be denied.

### C.     Rule 12(b)(6)

The defendants contend that Ms. Luffman has not stated a claim for sex discrimination because the only adverse employment action is non-renewal of her administrator contract. Even assuming that is so, it is not clear why that is not an adverse employment action. *See Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55 (2024). Ms. Luffman does not have to prove her case in the complaint, and she has asserted a plausible claim for sex discrimination, both in terminating her employment and in retaliating against her.

The motion to dismiss will be denied as to this claim.

### III.    Title IX claim

In her seventh cause of action, Ms. Luffman asserts that the Board violated her rights under Title IX by retaliating against her for reporting allegations of sexual assault

and harassment of students.  Doc. 17 ¶¶ 230–36.  The defendants contend that she has failed to state a plausible claim, but their arguments are factually based and better addressed on a more developed record.  The motion to dismiss will be denied as to this claim.

In her brief, Ms. Luffman states that the defendants "do not argue that her Title IX hostile work environment claim fails."  Doc. 28 at 22.  To the extent she contends that she has asserted such a claim outside the retaliation context, she is mistaken.  As the defendants correctly point out, Doc. 29 at 1, she has not alleged such a claim.  The complaint only lists the imposition of a hostile work environment as one of the forms of retaliation the defendants took against Ms. Luffman after she engaged in protected Title IX activity.  Doc. 17 at ¶ 234.

## IV.  Tortious Interference with Contract

### A.  Statute of Limitations

As is relevant here, Ms. Luffman asserts a claim for tortious interference with contract against defendants Martin and Duggins.  *Id*. at ¶¶ 246–56.[3]  These defendants contend that the statute of limitations for this claim is three years and move to dismiss this claim to the extent it is based on their actions outside that time frame.  Ms. Luffman acknowledges that she can only proceed on this claim based on actions taken from June 2022 to the filing of the lawsuit, but she notes that events before that date may still be relevant to prove her timely claims.

---

[3] She has also asserted this claim against another defendant, whose separate motion to dismiss was resolved by previous order.  Doc. 31.

7

To the extent the complaint can be read to assert tortious interference claims based on actions by these defendants before June 26, 2022, they will be dismissed. As defendants acknowledge though, Ms. Luffman does allege at least one action after that date, Doc. 23 at 8, and that claim is not barred by the statute of limitations.

**B.      Rule 12(b)(6)**

Defendants Martin and Duggins contend that Ms. Luffman has not stated a claim for tortious interference because they had a qualified privilege to interfere with her contract as corporate fiduciaries of the Board. *See Embree Constr. Grp. v. Rafcor, Inc.*, 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992). But the very case the defendants cite for that proposition refutes their position. In *Embree Construction*, the North Carolina Supreme Court clarified that the qualified privilege of insiders depends on questions of fact that "cannot be resolved on a motion to dismiss" and is an affirmative defense that a plaintiff has no obligation to address in her complaint. *Id.* at 498–500. So whether the defendants' positions entitled them to a qualified privilege and whether their alleged interference was for the Board's benefit are questions that can only be answered on a developed record. At this stage, Ms. Luffman has alleged sufficient facts to state a plausible claim for tortious interference with contract.

The motion to dismiss will be denied as to this claim.

**V.      Section 115C-287.1 Claim**

This provision of North Carolina law governs the "method of employment of principals, assistant principals, supervisors, and directors." In relevant part, it provides that:

8

> If a superintendent decides not to recommend that the local board of education offer a new, renewed, or extended school administrator's contract to the school administrator, the superintendent shall give the school administrator written notice of his or her decision no later than May 1 of the final year of the contract. The superintendent's reasons may not be arbitrary, capricious, discriminatory, personal, political, or prohibited by State or federal law. No action by the local board or further notice to the school administrator shall be necessary unless the school administrator files with the superintendent a written request, within 10 days of receipt of the superintendent's decision, for a hearing before the local board. Failure to file a timely request for a hearing shall result in a waiver of the right to appeal the superintendent's decision. If a school administrator files a timely request for a hearing, the local board shall conduct a hearing pursuant to the provisions of G.S. 115C-45(c) and make a final decision on whether to offer the school administrator a new, renewed, or extended school administrator's contract.
>
> If the local board decides not to offer the school administrator a new, renewed, or extended school administrator's contract, the local board shall notify the school administrator of its decision by June 1 of the final year of the contract. A decision not to offer the school administrator a new, renewed, or extended contract may be for any cause that is not arbitrary, capricious, discriminatory, personal, political, or prohibited by State or federal law.

N.C. Gen. Stat. § 115C-287.1(d). The statute does not provide an explicit cause of action or right to appeal a board's decision in court. Ms. Luffman asserts that an implied cause of action exists nonetheless. Doc. 17 at ¶ 258.

The North Carolina Supreme Court has not offered clear guidance on when a state statute creates an implied cause of action, *see United Daughters of the Confederacy v. City of Winston-Salem ex rel. Joines*, 383 N.C. 612, 637–38, 881 S.E.2d 32, 52 (2022), but § 115C-287.1 seems an unlikely candidate. Until July 2017, N.C. Gen. Stat § 115C-325(n) allowed for administrators to appeal decisions under § 115C-287.1 to state superior court. *See* 2017-157 N.C. Sess. Laws at 11. The General Assembly's decision to eliminate an explicit cause of action weighs decisively against judicial recognition of an

9

implied cause of action.  *See Nello L. Teer Co. v. N.C. Dep't of Transp.*, 175 N.C. App. 705, 710–11, 625 S.E.2d 135, 138–39 (2006) ("[I]f the legislature deletes specific words or phrases from a statute, it is presumed that the legislature intended that the deleted portion should no longer be the law.").

Ms. Luffman contends that *Abell v. Nash County Board of Education*, 71 N.C. App. 48, 321 S.E.2d 502 (1984), authorizes her implied cause of action.  But *Abell* merely noted (in conclusory fashion) the availability of an implied cause of action under the now defunct § 115C-325(m)(2).  *See id.* at 49.  It said nothing about the provision at issue here, § 115C-287.1, and it long predated the 2017 amendment to § 115C-325(n), which eliminated the statutory right to appeal § 115C-287.1 decisions to state superior court.

The motion to dismiss will be granted as to this claim.

## VI.     State Law Wrongful Discharge in Violation of Public Policy

In her second cause of action, Ms. Luffman asserts a claim against the Board for wrongful discharge in violation of public policy.  Doc. 17 at ¶¶ 189–193.  The defendant moves to dismiss, contending that this claim is only available to at-will employees, which Ms. Luffman is not.

In her complaint, Ms. Luffman alleges that she is a contract employee with "career status and tenure rights."  *Id.* at ¶¶ 16–17.  Under North Carolina law, "the tort of wrongful discharge arises only in the context of employees at will."  *Wagoner v. Elkin City Schs' Bd. of Educ.*, 113 N.C. App. 579, 588, 440 S.E.2d 119, 125 (1994).  Even

10

assuming that the defendants' actions constituted an actual or constructive discharge, the proper claim for a wrongfully discharged contract employee is breach of contract. *Id.*

The motion to dismiss will be granted as to this claim.

**VII.    Constitutional Claim**

In her eleventh claim, Ms. Luffman asserts that the Board violated her rights under the North Carolina constitution, Doc. 17 at ¶¶ 264–69, pleading this claim in the alternative should "state law remedies prove to be inadequate by operation of governmental immunity principles or otherwise." *Id.* at ¶ 269.  The defendants move to dismiss, asserting that Ms. Luffman has adequate alternative remedies and that she has not identified which of her state constitutional rights has been violated.

The complaint alleges that the Board's actions violated her rights under Article I, § 1 (equality of rights and persons); Article I, § 15 (right to education); Article I, § 19 (law of the land and equal protection); and Article IX, § 1 (means of education encouraged).  Doc. 17 at ¶ 266.  The defendants point to a number of federal statutes that could provide alternative legal remedies for the alleged harms, but the question under *Corum* is whether there is an adequate state remedy, not whether there is an adequate federal remedy.  *See Corum v. Univ. of N.C. ex rel. Bd. of Governors*, 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992).

The defendants do note that the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. §§ 168a-1 through 168a-12, could provide an alternative state remedy, but they make no effort to explain why that is so.  As the moving parties, the defendants bear the burden of demonstrating the insufficiency of the complaint.  It is

11

not the Court's job to undertake the analysis and legal research needed to support a perfunctory argument.  *See Lab'y Corp. of Am. Holdings v. Kearns*, 84 F. Supp. 3d 447, 459–60 (M.D.N.C. 2015).

The motion to dismiss will be denied as to the *Corum* claim.

## VIII.  Conclusion

The plaintiff's amended complaint alleges a panoply of federal and state law claims arising out of her employment with the Yadkin County Board of Education.  The defendants have responded in kind, taking something of an "everything but the kitchen sink" approach in their motion to dismiss.  But most of the defendants' arguments are better addressed with the benefit of discovery and a complete factual record.

It is **ORDERED** that:

1. The motion to dismiss the amended complaint filed by defendants Yadkin County Board of Education, Todd Martin, and Wayne Duggins, Doc. 22, is **GRANTED in part and DENIED in part** as follows:

    a.  **GRANTED** as to the plaintiff's state law wrongful discharge and § 115C-287.1 claims;

    b.  **GRANTED** to the extent her Title VII claim is based on acts of discrimination occurring before January 7, 2024, but **DENIED** as to alleged acts of discrimination occurring thereafter, including her hostile work environment claim;

    c.  **GRANTED** to the extent the complaint can be read to assert tortious interference claims based on actions by these defendants

before June 26, 2022, but **DENIED** as to alleged actions taken on or after that date; and

    d.   **DENIED** as to her Rehabilitation Act, ADA, Title IX, and *Corum* claims.

2. The motions to dismiss at Docs. 12 and 14 are directed to the original complaint and are **DENIED** as moot.

This the 31st day of March, 2026.

 

_____
           UNITED STATES DISTRICT JUDGE

13